## PERRY A. ARMSTRONG, Administrator,

### *v.*

## SARAH A. BARTRAM.

1. PLEADING — *of the declaration — where the consideration of a contract is executed, and where it is executory.* Where a party promises to pay a sum of money in consideration that the promisee releases all claims he holds against the promisor, although it does not appear what claims were released, yet, if the consideration of the promise to pay, in that regard, was treated by the parties as executed by the mere execution of the contract, the instrument furnishes a *prima facie* cause of action, in a suit for the money, so far as depends on that portion of it.

2. But, where a part of the consideration of the promise to pay the money was executory, being an agreement on the part of the promisee to deliver the possession of land to the promisor, the contract describing no particular land,— in an action to recover the money, it is not enough, in averring performance by the promisee, to allege that "the land mentioned in the contract was given up," but the facts in regard to the transaction should be set forth in the declaration with such particularity, that it could be seen what land was in the contemplation of the parties, and that the surrender of the possession was such as the parties intended in the agreement.

WRIT OF ERROR to the Circuit Court of Grundy county; the Hon. SIDNEY W. HARRIS, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Mr. T. LYLE DICKEY, for the plaintiff in error.

Messrs. GOODSPEED & SNAPP, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This is an action of debt brought by Sarah A. Bartram against Perry A. Armstrong, administrator of Jared Bartram, deceased, upon the following instrument:

" SARATOGA, December 9, 1864.

" This instrument shall bear witness, that on this day, the 9th, I have pledged myself to my son, Samuel P. Bartram, as he is sick and there are fears of his death, that in case he should die of his illness, that Sarah, his wife, and Emma Adelia and Charles K. Bartram, that Samuel P. Bartram, now in his sane mind, agrees for them in this their minorship, and Sarah, in her own person, to and with the said J. Bartram, to relinquish all claims either in equity or law against J. Bartram and his estate forever, for the consideration of fifteen hundred dollars, which is to be paid as follows: Five hundred to Sarah on the first day of April, A. D. 1865, and five hundred dollars to each of the children on the first day of April, 1866 ; the last payments to the children to bear interest for the last year at eight per cent, and the possession of the land is to be given up to J. Bartram by the first day of March, all in peace and good faith, and, further, the personal effects belonging to Samuel P. is not taken into this account.

" P. S. — In case that the said Samuel shall recover from his present illness, in that case the agreement is rendered all void and of no effect.

" In witness whereof we, the parties, do set our hands and affix our seals, on this, the tenth day, A. D. 1864.

　　　　　　　" J. BARTRAM,　　　[L. s.]
　　　　　　　　S. P. BARTRAM,　　[L. s.]
　　　　　　　　SARAH BARTRAM. [L. s.]

" Witness:
　" MARGARET SAVAGE,
　　MARY WHITING."

The declaration avers the death of Samuel P. Bartram, and that the possession of the land referred to in the agreement

had been given up to Jared Bartram. The defendant demurred to the declaration. The demurrer was overruled, and, the defendant abiding, the court rendered judgment for the plaintiff for $500 debt, and $29 damages.

This instrument is very inartificially drawn, but the only difficulty in sustaining this judgment arises out of the clause in regard to the possession of the land. So far as relates to the surrender of Samuel P. Bartram, and Sarah, his wife, for themselves and their children, of all claims against Jared, the father of Samuel P., and his estate, while it does not appear what those claims were, yet the execution of the instrument by Samuel and his wife was accepted by Jared as a sufficient relinquishment. So far as such relinquishment formed a part of the consideration of his promise to pay, the consideration was treated by the parties as executed by the mere execution of the agreement. The instrument furnishes a *prima facie* cause of action so far as depends on that portion of it.

The consideration of the instrument, however, was executory so far as related to the surrender of possession of the land, and on this point it was necessary to aver performance in the declaration. The pleader seeks to do this by averring that the land mentioned in the contract was given up to Jared Bartram. The contract, however, describes no particular land. Hence the facts in regard to the transaction should have been set forth in the declaration with sufficient particularity to enable the court to see what land was in the contemplation of the parties, and that the surrender of the possession was such as the parties intended in the agreement. If the defendant had wished to traverse the averment of delivery of possession as made in this declaration, the issue formed would have been altogether vague and uncertain. While the agreement cannot be added to or varied by parol testimony of any additional terms, yet the circumstances in which the parties stood in relation to each other, and the subject matter of the contract, should have been averred in order to enable the court, if it could, properly to apply the terms of the contract, and to enable a specific issue of fact to be submitted to a jury. If, for

example, Jared Bartram was claiming land in the adverse occupancy of Samuel P. Bartram, or if Samuel P. was in possession, under a lease from Jared, of land which Jared desired to take back, these facts should have been averred, so that the court could see on the face of the declaration, that this portion of the contract had been executed in the manner contemplated by the parties.

The judgment will be reversed and the cause remanded with leave to the plaintiff to amend her declaration.

*Judgment reversed.*